## 150

### HALE v JOHN HANCOCK MUTUAL LIFE INS CO

Ohio Appeals, 9th Dist, Summit Co

No 2709.   Decided June 8, 1936

Laub & Allen, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error.

### OPINION

By STEVENS, J.

This cause is before this court upon error, prosecuted from the Municipal Court of the City of Akron. In that court a demurrer to plaintiff's petition was sustained, and plaintiff not desiring to further plead, a judgment dismissing plaintiff's petition was entered.

The petition, after alleging the corpora e capacity of defendant and that Joseph H. Strong General Agency, composed of Joseph H. Strong and Sherman M. Strong, is the general agent of the defendant insurance company, set out that—

"* * * on and prior to July 10, 1935, one John R. Morgan was the holder of a certain certificate of group insurance in the Gary Works Employees Society Insurance Association, as a pensioned employee of the Gary Steel Company, or other allied corporation.

"Plaintiff alleges that under date of July 3, 1935, J. H. Strong, acting for his company, the defendant company, in his capacity of general agent, wrote to the said John R. Morgan, at Cuyahoga Falls, Ohio, stating that at his age of seventy-eight he might convert his Gary group certificate into an ordinary life insurance policy of the defendant company, for a quarterly premium of thirty-one dollars seventy-two cents ($31.72); that a physical examination was not necessary in order to make this conversion, and if he desired to so convert his said certificate, he should execute an enclosed form and return it to the said Joseph H. Strong General Agency with the amount of said premium; and that he should also designate the name and relationship of his beneficiary and state whether or not be was employed.

"P'aintiff alleges that the said John R. Morgan, in accordance with said letter, executed the form therewith enclosed, and returned the same to the said Joseph H. Strong General Agency, together with a quarterly premium of thirty-one dollars seventy-two cents ($31.72), designating the plaintiff, his daughter, as beneficiary, advising that he was not employed, and requesting the execution to him of an ordinary life insurance policy for the same amount of insurance which he had under his Gary group policy, to-wit, five hundred dollars ($500.)

"Plaintiff alleges that thereafter, to-wit, on July 12, 1935, the said John R. Morgan died, and that due notice thereof was given to said defendant; that said defendant company has refused to execute said policy and to recognize the claim of the plaintiff for benefits in accordance with said correspondence. * * *."

It is apparent that if the petition states a cause of action, it is one upon a contract of insurance; and it must be remembered that, "For the purpose of testing the legal sufficiency of a pleading, a demurrer ad-

mits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom."

Guardian L. Ins. Co. v Veser, 128 Oh St 200, syllabus 1.

This petition alleges an offer in writing from the insurance company through its general agent, and the unqualified acceptance of that offer and compliance therewith by decedent, and further the naming of plaintiff as the beneficiary in the policy to be issued in pursuance of the contract arising from said offer and its acceptance.

It is contended by defendant that plaintiff is not the proper party to bring this action, but that an action should be inaugurated by decedent's personal representative to compel defendant to issue the policy which was the subject of the claimed contract.

We are the opinion that the facts alleged constitute a contract of insurance, the essential terms being agreed upon or plainly implied; that suit thereon can be maintained without the issuance of a policy; and that plaintiff, the beneficiary named, occupies the position of a third party for whose benefit the contract has been made. Generally, it is the rule that such a third person may sue upon the contract made for his benefit.

9 O. Jur., "Contracts," §220, p. 446.

Here, that situation would unquestionably pertain, because, if defendant was obligated to issue said policy, as we hold it was, then plaintiff's rights thereunder would be vested by the death of the insured, that being the event insured against.

We hold that the petition, as couched, and considered in connection with the fair and reasonable inferences arising therefrom, does state a good cause of action, that plaintiff is legally entitled to bring this action sounding in contract, and that the Municipal Court erred in sustaining defendant's demurrer and dismissing plaintiff's petition.

The judgment will therefore be reversed, and the cause remanded for further proceedings in conformity to law.

FUNK, PJ, and WASHBURN, J, concur in judgment.